INDEPENDENT LIFT TRUCK BUILDERS UNION, Plaintiff-Appellee, v. LEROY REESE *et al.*, Defendants-Appellants.

Fourth District    No. 4—87—0669

Opinion filed May 5, 1988.

Alan F. Krapf, of Dukes, Martin, Helm & Ryan, Ltd., of Danville, for appellants.

David Mathews, of Carmell, Charone, Widmer & Mathews, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On November 1, 1986, plaintiff Independent Lift Truck Builders Union filed separate complaints in the circuit court of Vermilion County against its members, defendants Leroy Reese, Phillip Castle, Sr., and Lannie Robison. The complaint sought a money judgment for $500 against each defendant pursuant to fines in that amount levied against each for alleged violation of the union constitution. The circuit court entered judgment in favor of plaintiff in each case on August 25, 1987. Defendants now appeal. We reverse.

The United States Supreme Court has recognized that unions may properly bring suits in the State courts to collect fines from its members who have violated union rules. (*NLRB v. Allis-Chalmers Manufacturing Co.* (1967), 388 U.S. 175, 18 L. Ed. 2d 1123, 87 S. Ct. 2001.) In grappling with the problem of the extent to which a court may delve into the propriety of union disciplinary measures when that matter becomes an issue, this court in *International Brotherhood of Electrical Workers, Local No. 399 v. Zoll* (1985), 135 Ill. App. 3d 910, 482 N.E.2d 446, citing *Werner v. International Association of Machinists* (1956), 11 Ill. App. 2d 258, 279-80, 137 N.E.2d 100, 111-12, stated:

" '[I]t is also equally well settled that courts will interfere with the decision of an association expelling one of its members if it appears that the rules of the association governing expulsion have not been observed or if the accused member has not been afforded those *rudimentary rights which will give him an opportunity to defend against the charges made. \*\*\*' (Carson v. Glass Bottle Blowers Ass'n of United States & Canada,* 37 Cal. 2d 134, 231 P.2d 6, 21 A.L.R.2d 1387.)" (Emphasis in original.) *Zoll,* 135 Ill. App. 3d at 913, 482 N.E.2d at 449.

Section 411(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) provides as follows:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." (29 U.S.C. §411(a)(5) (1982).)

The United States Supreme Court has held that, for union disciplinary actions to be upheld in court proceedings, "the charging party [must have] provide[d] *some evidence* at the disciplinary hearing to support the charges made." (Emphasis added.) *International Brotherhood of Boilermakers v. Hardeman* (1971), 401 U.S. 233, 246, 28 L. Ed. 2d 10, 21, 91 S. Ct. 609, 617.

Basing their defense upon the previously cited rules, defendants contend the union proceedings in which the fines were levied were so tainted as to invalidate the fines for these reasons: (1) the charges against them failed to give them notice as to the conduct upon which the charges were based and prejudiced them in the preparation of their defense; (2) their due process rights were violated when they were not allowed to have an attorney at law appear with them at the proceedings; (3) the conduct with which they were charged did not occur at a "meeting," and a necessary element of the violation of the union constitution provision under which they were charged was that the conduct occur at a meeting; and (4) plaintiff failed to present "some evidence" of their guilt. We need not consider the first two contentions in any detail because the last two are determinative.

The record before the circuit court showed that on July 1, 1986, two union members, Gerald Dean Lewis and Lewis Rice, initiated a union disciplinary proceeding against defendants by charging them in writing with violating "Section 4, Article D," although no such numbered provision was contained in either the constitution or bylaws of the union. The charge further alleged in simple terms that a company unit manager called Rice, Lewis, and defendants into his office to investigate a problem which had arisen on the shop floor and that during this gathering, defendants: (1) told the manager Lewis and Rice should be fired; (2) used abusive language in regard to Lewis and Rice; and (3) called Lewis a thief.

The union jury found defendants guilty of violating article XVI, section 4, paragraph (d), of the union constitution, which states: "Any officer or member of the Union may be penalized for *** [s]landering or willfully wronging another member by act, word or deed, or using abusive language at any meeting."

The record before the circuit court also showed the union disciplinary hearing was informal, but a handwritten record summarizing testimony was kept. Most of the testimony was unrelated to the charges upon which the defendants were found guilty. As best can be ascertained, the accusers presented no evidence. However, the record does reflect the following: defendant Reese called plaintiff Rice to the

stand; defendant Robison asked Rice if Robison had suggested he should be fired, to which Rice said no; defendant Castle asked Rice if Castle had suggested he should be fired, to which Rice also said no; finally, Robison asked Rice whether "they were slandered," and Rice replied "he didn't think so."

The record of the union proceedings further showed that, next, plaintiff Lewis took the witness stand; defendant Castle asked him whether Castle had said he should be fired to which a response of *"yes"* was noted in parentheses; Castle also questioned Lewis whether Castle used "any bad language toward him in the office"; another *"yes"* response was indicated in parentheses; Castle inquired what language was used, and Lewis stated "fire the S.O.B."; finally, defendant Robison asked Lewis if Robison had "called Gerald Dean [Lewis] a S.O.B.," to which Lewis said "no."

Defendants questioned one another bringing out denials on their part of any of the improprieties charged.

Thus, no evidence was presented indicating defendant Reese or Robison violated any provision under which they were charged. Accordingly, the fines imposed against them cannot stand, and the judgments entered on those fines must be reversed.

The case against Castle is more complicated because of the evidence of his calling a fellow union member an "S.O.B." However, the charges against Castle alleged that his misconduct occurred at a "meeting." Article II, section 4, of the union's bylaws limits the term "meeting" to regular union membership meetings, special emergency and membership meetings and executive board meetings. The context in which article XVI, section 4, paragraph (d), of the constitution appears indicates the provision was made to preserve order at union meetings and was intended to include only the types of meetings set forth in the bylaws. Thus, we determine the word "meeting" in article XVI, section 4, paragraph (d), was not intended to include the occurrence which took place here in the office of the unit manager.

■ Plaintiff maintains we cannot properly make such an interpretation of its governing rules. It points out that in *Hardeman*, the Court stated:

> "Section 101(a)(5) [of the LMRDA] was not intended to authorize courts to determine the scope of offenses for which a union may discipline its members. And if a union may discipline its members for offenses not proscribed by written rules at all, it is surely a futile exercise for a court to construe the written rules in order to determine whether particular conduct falls within or without their scope." (*Hardeman*, 401 U.S. at 244-45,

28 L. Ed. 2d at 20-21, 91 S. Ct. at 616.)

"*** Where *** the union's charges make reference to specific written provisions, §101(a)(5)(A) obviously empowers the federal courts to examine those provisions and determine whether the union member had been misled or otherwise prejudiced in the presentation of his defense. But it gives courts no warrant to scrutinize the union regulations in order to determine whether particular conduct may be punished at all." *Hardeman*, 401 U.S. at 245, 28 L. Ed. 2d at 21, 91 S. Ct. at 616-17.

However, the *Hardeman* Court indicated in a footnote that "State law *** may go further" in interpreting union rules and regulations before enforcing disciplinary decisions made by unions. (*Hardeman*, 401 U.S. at 244 n.11, 28 L. Ed. 2d at 20 n.11, 91 S. Ct. at 616 n.11.) In *Local 165, International Brotherhood of Electrical Workers v. Bradley* (1986), 149 Ill. App. 3d 193, 499 N.E.2d 577, the First District Appellate Court relied on the foregoing language to interpret the rules of a union in its dispute with its member as a court would do in an ordinary contract dispute. In *International Brotherhood of Electrical Workers, Local No. 399 v. Zoll* (1985), 135 Ill. App. 3d 910, 482 N.E.2d 446, we indicated that, in a union disciplinary dispute, we would make some inquiry into whether the union's own rules had been followed. Here, we conclude the plaintiff failed to follow its own rules in determining what constituted a meeting. No evidence was presented that Castle misbehaved at a "meeting." The judgment based on his fine must also be set aside.

For the reasons stated, we reverse the judgment in favor of plaintiff as to all defendants.

Reversed.

KNECHT and SPITZ, JJ., concur.